THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. ALLEN FENTON, Defendant-Appellee.

Third District   No. 3—86—0479

Opinion filed April 6, 1987.

Samuel Naylor VI, State's Attorney, of Carthage (Howard R. Wertz, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Stephen B. Morris, of Hamilton, for appellee.

JUSTICE STOUDER delivered the opinion of the court:
The People of the State of Illinois appeal from a judgment of the

circuit court of Hancock County in favor of the defendant, Allen C. Fenton. The court granted Fenton's motion to suppress evidence, that being the arresting officer's identification of Fenton as the driver of an automobile alleged to have been in violation of the Illinois Vehicle Code (Ill. Rev. Stat. 1985, ch. 95½, par.1—101 *et seq.*).

The parties filed an agreed statement of the facts, but the defendant did not file a brief. On December 26, 1985, Hamilton police officer Walter Sellens observed Fenton's vehicle approaching the Keokuk-Hamilton Bridge in Hancock County at an excessive rate of speed. His determination was based on the use of hand-held radar and his experience as a police officer. Officer Sellens activated his emergency lights and initiated pursuit of the Fenton vehicle. The officer was unable to stop the vehicle in Illinois and continued his pursuit into Iowa. The officer was successful in stopping the vehicle approximately three blocks after exiting the bridge in Iowa. Fenton exited his vehicle at the same time the officer exited the squad car. The officer notified Fenton that he was driving in excess of the speed limit and to pick up his traffic citation at city hall in Hamilton, Illinois. This is the only point in time at which the officer was able to identify Fenton as the driver of the vehicle. The officer and Fenton talked a few seconds and Fenton was permitted to leave.

Fenton filed a motion to suppress the officer's identification on the grounds that "when the defendant was stopped and informed that he would be issued a citation, he was in the State of Iowa at approximately 5th and Maine Street[s] in Keokuk, Iowa, and that such stop was illegal and beyond the jurisdiction of the Illinois peace officers." The trial court granted the motion to suppress and this appeal follows.

Our determination regarding the validity of the trial court's ruling involves the examination of three issues and how they interact with one another. First, we must determine the status of an Illinois police officer once he leaves his jurisdiction to enter another State. Second, we must decide whether the detention of Fenton constituted an arrest or investigatory stop and whether that detention was legal. And third, we must examine the applicability of the fourth amendment safeguards, in the context of Fenton's motion to suppress, and whether they dictate an exclusion of the officer's identification.

■ Initially, as this court has stated previously, Illinois police officers have no authority to arrest persons in the State of Iowa except by the authority granted to them under the Uniform Fresh Pursuit Law of Iowa. (*People v. Jacobs* (1979), 67 Ill. App. 3d 447, 385 N.E.2d 137.) Furthermore, and both parties agree, Iowa's fresh pursuit stat-

ute (Iowa Code sec. 806.1 (1976)), appears to apply only to the fresh pursuit and arrest of felons. Under Iowa law, an officer who seeks to make an arrest without a warrant, outside his own territory, must be treated as a private person. (*State v. O'Kelly* (Iowa 1973), 211 N.W.2d 589 (Omaha officers arresting individual in Iowa).) Therefore, any actions performed by the officer in Iowa would be those of a private person, and not those of one acting under authority as a police officer.

■ Our next inquiry is whether the momentary stop of Fenton in Iowa was an arrest or investigatory stop. On this point, we affirm the determination of the trial court that the action did not amount to an arrest, only an investigatory stop. Section 804.5 of the Iowa Code defines arrest as "the taking of a person into custody when and in the manner authorized by law, including restraint of the person or his or her submission to custody." (Iowa Code sec. 804.5 (1976).) The determination whether an arrest has occurred and whether that arrest is legal is to be judged by the law of the jurisdiction where the intrusion on the defendant's liberty occurs. (See *People v. Wolfbrandt* (1984), 127 Ill. App. 3d 836, 469 N.E.2d 305; *People v. Jacobs* (1979), 67 Ill. App. 3d 447, 385 N.E.2d 137.) Under the applicable Iowa law, we conclude that no arrest occurred in Iowa by virtue of the stop.

What we have distilled from the facts and circumstances of this case is a situation where a private citizen has effectuated an investigatory stop in the State of Iowa. The question remains whether a private person is proscribed from making noncustodial inquiries of another private person. We have not been able to find any cases dealing directly with that point, but we have determined that the question must be answered in the affirmative.

■ Noncustodial inquiries, or *Terry* stops, have been viewed solely as a police function. It cannot be forgotten that when *Terry v. Ohio* (1968), 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868, was first decided, a major factor in the court's determination was the weight given the officer's prior experience in his profession. Private citizens do not possess that same expertise and ability to detect criminal activity, nor do we believe that the privilege extended to police officers under *Terry* should be passed on to the public at large. To initiate a citizen's version of a noncustodial inquiry would create a plethora of problems that, as yet, are only speculative. Under this analysis, we can only conclude that the officer's noncustodial inquiry of Fenton was unlawful.

■ In view of our decision that neither a legal warrantless arrest nor a legal *Terry* stop was conducted by the officer while in Iowa, the evidence that was obtained by the officer as a result of that conduct,

*i.e.*, his identification of Fenton as the driver of the vehicle, was proper subject matter for Fenton's motion to suppress. The trial court was correct in its ruling.

Therefore the judgment of the circuit court of Hancock County is affirmed.

Affirmed.

BARRY, P.J., and WOMBACHER, J., concur.